# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| TIFFANY RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:13-cv-00566-GMN-VCF |
| vs. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA EX REL | ) | |
| NELLIS AIR FORCE BASE, UNITED | ) | |
| STATES OF AMERICA EX REL | ) | |
| DEPARTMENT OF THE AIR FORCE, ROE | ) | |
| COMMISSARY; ROE CLEANING | ) | |
| COMPANY; DOES 1-20 and ROE | ) | |
| BUSINESS ENTITIES 1-20, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion to Dismiss (ECF No. 11) filed by the United States of America ("Defendant") on May 9, 2014.  Plaintiff Tiffany Rodriguez ("Plaintiff") filed her Response in Opposition (ECF No. 16) on June 23, 2014.  Defendant filed its Reply (ECF No. 19) on July 16, 2014.

## I.    BACKGROUND

This is an action brought against the Defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680.  Plaintiff alleges that on or about July 31, 2010, she slipped and fell on a "slippery substance" in the Commissary at the Nellis Air Force Base (the "Nellis Commissary") due to negligence on the part of Defendant in failing to warn Plaintiff of the dangerous condition or to exercise reasonable care in keeping the premises safe. (Compl. ¶¶ 13–14, 18–19, ECF No. 1).

## II.    LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for

1   lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  "Ordinarily, a case dismissed for

2   lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may

3   reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir.

4   1988) (per curiam).  However, where there is no way to cure the jurisdictional defect, dismissal

5   with prejudice is proper. *See id*.

6   **III.**   **DISCUSSION**

7        Defendant moves to dismiss Plaintiff's claims, arguing this Court lacks subject matter

8   jurisdiction because the Defendant has not waived its sovereign immunity under the FTCA.

9   (Mot. to Dismiss 1:20-26, ECF No. 11).

10       Sovereign immunity insulates the Federal Government and its agencies from being

11   sued, unless the Federal Government has waived its immunity. *F.D.I.C. v. Meyer*, 510 U.S.

12   471, 475 (1994).  "Under the FTCA's limited waiver of sovereign immunity, the United States

13   is liable to the same extent as a private party for certain torts of federal employees acting within

14   the scope of their employment." *Autery v. U.S.*, 424 F.3d 944, 956 (9th Cir. 2005) (emphasis

15   omitted).  However, while the FTCA waiver includes liability incurred by officers and

16   employees of "any federal agency," it expressly excludes "any contractor with the United

17   States." 28 U.S.C. § 2671.  Under the FTCA, "[c]ourts are not free to abrogate the independent-

18   contractor exemption for the negligent acts of contractors regardless of whether they think there

19   is good reason to do so. *Autery*, 424 F.3d at 957 (internal quotations omitted).

20       "The critical test for distinguishing an agent from a contractor is the existence of federal

21   authority to control and supervise the 'detailed physical performance' and 'day to day

22   operations' of the contractor." *Id.* at 956 (citing *Hines v. U.S.*, 60 F.3d 1442, 1446 (9th Cir.

23   1995).  However, "[d]etailed regulations and inspections are not evidence of an employee

24   relationship." *Id.* at 957.  "There must be substantial supervision over the day-to-day operations

25   of the contractor in order to designate that the individual was acting as a government

1    employee." *Id.*

2         In its motion, Defendant admits that the Nellis Commissary is operated by an agency

3    within the United States Department of Defense. (Mot. to Dismiss 5:14-19, ECF No. 11).

4    However, during the time of the alleged fall, Defendant had a contract with Great Plains

5    Enterprises, Inc. ("Great Plains"), which states that Great Plains would "[p]rovide all the

6    necessary supervision, personnel, supplies, and equipment to perform Shelf Stocking,

7    Receiving/Storage/Holding Area (RSHA), and Custodial operations for the Nellis

8    Commissary." (*Id.* 5:20-6:6).  The contract also explicitly states that Defendant "shall not

9    exercise any supervision or control over [Great Plains] personnel." (*Id.* 6:15-19).

10        According to Defendant, the managers of the Nellis Commissary, who are federal

11   employees, would occasionally walk through the store to provide customer service, interact

12   with employees, check displays, and check safety. (*Id.*20:21-12:17).  If a manager noticed a

13   spill during these walks, they would stand at the spill and call for an employee of Great Plains

14   to clean it up. (*Id.* 26:4-13).  Deciding how spills were cleaned and the responsibility of

15   cleaning them, however, was left wholly up to Great Plains and its employees. (*Id.* 22:25-22:2).

16        Plaintiff argues in her Response that because managers would notify an employee of

17   Great Plains if they noticed a spill, these managers exercised authority to control and supervise

18   the employees of Great Plains. (Resp. to MTD 4:3-5, ECF No. 16).  However, "detailed

19   regulations and inspections are [not] evidence of an employee relationship." *Letnes v. U.S.*, 820

20   F.2d 1517, 1519 (9th Cir. 1987).  Inspecting the premises and notifying the parties who are

21   responsible for cleaning up a dangerous condition is not equivalent to substantial supervision

22   over the day-to-day operations, and such actions do not change a contractor's personnel into

23   federal employees. *Hines*, 60 F.3d at1447. ("Neither do standards that are designed to secure

24   federal safety objectives convert the agent into an employee."); *see also U.S. v. Orleans*, 425

25   U.S. 807, 816 (1976) *abrogated on other grounds by United States v. Olson*, 546 U.S. 43

(2005) ("the Government may fix specific and precise conditions to implement federal objectives ...[;] [such] regulations do not convert the acts of entrepreneurs ... into federal governmental acts.").

Accordingly, the inspections conducted by the managers did not convert Great Plains's employees, who were responsible for maintaining the Nellis Commissary in a reasonably safe condition, from contractors into federal employees.  Therefore, Defendant has not waived its sovereign immunity in this case and cannot be sued in this Court.  As a result, Plaintiff's claim against Defendant must be dismissed with prejudice.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED**.  Plaintiff's Complaint (ECF No. 1) is dismissed without prejudice and Plaintiff claim against Defendant is dismissed with prejudice.    The Court Clerk shall enter judgment accordingly.

**DATED** this 20th day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court